*Paul Simmons,* pro se.

BRUCE SWANSON, petitioner. October 4, 1988. *Sex Offender. Practice, Civil,* Sex offender. *Constitutional Law,* Sex offender. *Evidence,* Sex offender, Expert opinion.

The Commonwealth appeals, purportedly pursuant to G. L. c. 231, § 113 (1986 ed.), from an order under G. L. c. 123A, § 9 (1986 ed.), discharging the petitioner from the treatment center maintained by the De-

partment of Mental Health. The judge determined that the Commonwealth had failed to prove beyond a reasonable doubt that the petitioner remained a sexually dangerous person as defined in G. L. c. 123A, § 1 (1986 ed.). We transferred the Commonwealth's appeal to this court.

Assuming the Commonwealth properly may challenge such a determination on appeal without running up against due process of law (cf. *Commonwealth* v. *Travis,* 372 Mass. 238, 249 [1977]) and double jeopardy barriers (Is the judge's conclusion analogous to a jury verdict of not guilty?), and assuming the proper standard on appeal is whether the judge's finding was clearly erroneous, there was no error. The testimony of the petitioner, his parents, and a psychiatrist provided an ample basis to warrant the judge's conclusion that there was a reasonable doubt. His determination that the Commonwealth had not met its burden of proof was thus not clearly erroneous. The fact that there was strong expert opinion contrary to the judge's ultimate finding does not justify a reversal of the judge's order. See *Commonwealth* v. *Lamb,* 372 Mass. 17, 24 (1977).

*Order allowing petition affirmed.*

*Paula J. DeGiacomo,* Assistant Attorney General, for the Commonwealth.

*Diana L. Maldonado,* Committee for Public Counsel Services, for the petitioner.


